UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.:      8:18-bk-06760-CPM |
| Lois Mae Wright, | Chapter:      7 |
|     Debtor. | |

_____/

Dan M. McDermott,
    United States Trustee for Region 21
       Plaintiff,

Versus                            A.P. No.:      8:18-ap_____-CPM

Lois Mae Wright,
       Defendant.

_____/

**UNITED STATES TRUSTEE'S
COMPLAINT OBJECTING TO THE
<u>DISCHARGE OF THE DEBTOR, LOIS MAE WRIGHT</u>**

       This Court should enter an order denying the discharge of the Defendant-Debtor, Lois Mae Wright, on the basis that the Defendant transferred a parcel of real estate to her niece mere days prior to filing bankruptcy, concealed that transfer and failed to testify about the transfer and concealment at the meeting of creditors. As grounds in support of this Complaint, the Plaintiff respectfully represents the following:

*Jurisdiction & Parties*

       1.      Jurisdiction over this adversary proceeding is predicated on 28 U.S.C. §§ 1334, 157; Fed. R. Bankr. P. 4004, 7001; 11 U.S.C. §§ 105(a), 727(d); and the Standing Order of Reference entered by the United States District Court for the Middle District of Florida.

       2.      This adversary proceeding constitutes a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J and O).

3.      The Plaintiff is the United States Trustee for the judicial district of the Middle

District of Florida, as appointed under 28 U.S.C. §§ 581(a)(21), and has standing to prosecute

this Complaint pursuant to 28 U.S.C. § 586(a)(3); 11 U.S.C. §§ 307 and 727(c and d).

4.      The Defendant is the Debtor in this bankruptcy case and resides at:  1830 30th

Avenue N., Saint Petersburg, Florida 33713. Fed. R. Bankr. P. 4002.

### *General Allegations*

5.      This Complaint is one arising from the voluntary chapter 7 bankruptcy case of *In

re Wright*, 8:18-bk-06760-CPM, which is presently pending in this Court.

### *Melrose Parcel*

6.      On January 23, 1996, the Defendant received a Trustee's Deed on a vacant parcel

of real estate located on Melrose Avenue South, St. Petersburg, Florida, with a Parcel ID No.:

25-31-16-28872-000-0050, Instr. # 96-026721, Bk. 9234 Pg. 820. ("Melrose Parcel").[1]

7.      On August 20, 2009, the Defendant quitclaimed her 100% interest in the Melrose

Parcel to herself and her daughter, Charelle Anita Baker, as joint tenants with rights of

survivorship. Instr. # 2009228078, Bk. 16683 Pg. 2237.

8.      On August 2, 2018, the Defendant quitclaimed her interest as a joint tenant in the

Melrose Parcel to her niece, Yvette Brown Solomon. Instr. # 2018254267, Bk. 20161 Pg. 708.

9.      In the conveyance of her interests in the Melrose Parcel to her niece, Yvette

Brown Solomon, the Defendant conditioned the conveyance as follows:

> If Yvette Brown Solomon should meet her demise (death/expire) before
> Lois M. Wright the said property listed above will revert entirely back to
> Lois M. Wright.

---

[1] Lot 5, FOREMAN'S SUBDIVISION, according to the plat thereof, recorded in Plat Book 5, Page 50, Public Records of Pinellas County, Florida.

Instr. # 2009228078, Bk. 20161 Pg. 712.

*Melrose House*

10.     On November 1, 2000, the Defendant received a Warranty Deed on a home located at 1225 Melrose Avenue South, St. Petersburg, Florida, with Parcel ID No.: 25-31-16-28872-000-0040, Instr. # 00-337900, Bk. 11112 Pg. 512. ("Melrose House").[2]

11.     On November 20, 2008, the Defendant quitclaimed her 100% interest in the Melrose House to herself and her daughter, Charelle Anita Baker, as joint tenants. Instr. # 2008316264, Bk. 16436 Pg. 660.

12.     On January 8, 2016, Ms. Charelle Anita Baker, transferred interest as a joint tenant in the Melrose Parcel to the Defendant. Instr. # 2016005912 Bk. 19045 Pg. 1593, *see also* SOFA, Part 7, Stmt. 18 (Doc. No. 1, *In re Charelle Anita Baker*, 8:17-bk-10019-MGW).

*Bankruptcy Filing*

13.     On or around January 2018, the Defendant met with bankruptcy counsel for bankruptcy assistance and preparation of a bankruptcy petition.

14.     On August 14, 2018, the Defendant executed under penalties of perjury her schedule of assets and liabilities. Petition (Doc. No. 1, pp. 10-32, *In re Lois Mae Wright*, 8:18-bk-06760-CPM).

15.     On her schedule of assets and liaiblities:

    a.   The Defendant declared that she owned the Melrose House.

    b.   The Defendant declared that she had $16,470.93 in general unsecured claims.

    c.   The Defendant did not disclose her remainderman interests in the Melrose Parcel.

---

[2] Lot 4, FOREMAN'S SUBDIVISION, according to map or plat thereof, as recorded in Plat Book 5, Page 50, Public Records of Pinellas County, Florida.

    d.  The Defendant did not disclose that she was maintaining any personal property in storage.

    e.  The Defendant did not disclose any debt owed to her niece, Yvette Brown Solomon.

16.    On August 14, 2018, the Defendant executed under penalties of perjury her statement of financial affairs. Petition (Doc. No. 1, pp. 33-39, *In re Wright*, 8:18-bk-06760-CPM).

17.    On her original statement of financial affairs:

    a.  The Defendant declared that she had not transferred any property to anyone within the year preceding the filing of the bankruptcy.

    b.  The Defendant declared that she had not made any payment of any kind or transferred any property on account of a debt to any creditor who was an insider within one year before she filed for bankruptcy.

18.    The Defendant attended and submitted to an examination under oath at the meeting of creditors conducted on September 13, 2018.

19.    At that meeting of creditors, the Defendant testified that:

    a.  She was familiar with the information stated on her bankruptcy documents.

    b.  The information on her bankruptcy documents was true and correct.

    c.  She scheduled all of her assets and all of her creditors.

    d.  She had a storage container with personal property.

20.     On October 12, 2018, the Defendant executed under penalties of perjury her amended statement of financial affairs. Amndd. SOFA (Doc. No. 16, *In re Wright*, 8:18-bk-06760-CPM).

21.     On her amended statement of financial affairs:

    a.    The Defendant declared that she had not made any payment of any kind or transferred any property on account of a debt to any creditor who was an insider within one year before she filed for bankruptcy.

    b.    The Defendant declared that she transferred Melrose Parcel to her niece, Yvette Brown Solomon because she owed a debt to her niece.

22.     On October 16, 2018, the Defendant executed under penalties of perjury her amended schedule of assets. Amndd. Sched. A/B (Doc. No. 24, *In re Wright,* 8:18-bk-06760-CPM).

23.     On her amended schedule of assets, the Defendant did not disclose her remainderman interests in the Melrose Parcel.

### Count I
### Denial of Discharge - § 727(a)(2)(A)

24.     The Plaintiff adopts and incorporates by reference each and every allegation as stated above.

25.     The Defendant with the intent to hinder, delay, or defraud either a creditor or the officer of the court charged with custody and control of property under title 11, transferred her ownership interests in the Melrose Parcel to her niece for no consideration just twelve days prior to the commencement of her bankruptcy case.

26.     The Defendant with the intent to hinder, delay, or defraud either a creditor or the officer of the court charged with custody and control of property under title 11, concealed her transfer of her ownership interests in the Melrose Parcel to her niece for no consideration just twelve days prior to the commencement of her bankruptcy case.

27.     The Defendant with the intent to hinder, delay, or defraud either a creditor or the officer of the court charged with custody and control of property under title 11, concealed her remainderman interests in the Melrose Parcel that she maintained after her transfer of the Melrose Parcel to her niece just twelve days prior to the commencement of her bankruptcy case.

28.     The Defendant's actions constitute a basis for denial of a discharge under 11 U.S.C. § 727(a)(2)(A).

### Count II
### Denial of Discharge - § 727(a)(4)(A)

29.     The Plaintiff adopts and incorporates by reference each and every allegation as stated above.

30.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her original schedule of assets when she did not disclose her remainderman interests in the Melrose Parcel.

31.      The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her amended schedule of assets when she did not disclose her remainderman interests in the Melrose Parcel.

32.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her amended schedule of assets when she did not disclose that she was maintaining any personal property in storage

33.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her original statement of financial affairs when she declared that she had not made any payment of any kind or transferred any property on account of a debt to any creditor who was an insider within one year before she filed for bankruptcy.

34.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her amended statement of financial affairs when she declared that she had not made any payment of any kind or transferred any property on account of a debt to any creditor who was an insider within one year before she filed for bankruptcy

35.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account on her original statement of financial affairs when she declared that she had not transferred any property to anyone within the year preceding the filing of the bankruptcy

36.      The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account in her testimony at the meeting of creditors when she testified that her original bankruptcy papers were true and correct.

37.     The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case made a false oath or account in her testimony at the meeting of creditors when she testified that scheduled and listed all assets and all liabilities in her original bankruptcy papers.

38.    The Defendant knowingly and fraudulently, in or in connection with the bankruptcy case, gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act by failing to disclose her remainderman interests in the Melrose Parcel.

39.    The Defendant's actions constitute a basis for denial of a discharge under 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, the United States Trustee respectfully prays that this Honorable Court enter an order pursuant to § 727(a) denying the Defendant a chapter 7 discharge.

Dated:  29 March 2018

Respectfully submitted:

Dan M. McDermott
United States Trustee, Region 21

By:    /s/ J. Steven Wilkes (Ala. Bar. No. WIL-278)
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, FL  33602
(813)228-2000 / fax (813)228-2303
steven.wilkes@usdoj.gov